IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JOE SALINAS ESTRADA, JR. | § | |
| VS. | § | CIVIL ACTION NO.  1:21-cv-548 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Joe Salinas Estrada, Jr., a prisoner confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

The Petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

On September 26, 1997, Petitioner was convicted of aggravated sexual assault in Harris County, Texas, and he was sentenced to sixty years of imprisonment.[1] Petitioner's lengthy petition is largely unintelligible, but he appears to claim that must be released to mandatory supervision and that he should not have to wait thirty years for his first parole review.[2]

Texas law provides two ways in which a prisoner is eligible for early release. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). A prisoner may be released early on parole, which is a

---

[1] To the extent that Petitioner challenges his conviction and sentence, those claims are barred by the statute of limitations. 28 U.S.C. § 2244.

[2] Petitioner was given an opportunity to clarify his claims by filing an amended Petition on a form pleading, but he did not do so.

discretionary and conditional release where the prisoner serves the remainder of his sentence under the control of the Pardons and Paroles Division. *Id.* It is entirely speculative whether an inmate will be released on parole, therefore, there is no constitutional expectancy of parole in Texas. *Id.*

In this case, Petitioner does not argue that he has a constitutional right to parole. Instead, he claims that the Texas Board of Pardons and Paroles incorrectly concluded that he must serve thirty years before his first parole review. This claim lacks merit. Petitioner was convicted of an offense alleged to have been committed on January 1, 1995. The law in effect at the time of the offense provided that a prisoner serving a sentence for aggravated sexual assault is not eligible for release on parole until his actual calendar time served equals one-half of the maximum sentence or thirty calendar years, whichever is less. TEX. CODE CRIM. PROC. ANN. art. 42.18 § 8(b)(3) (Vernon 1993) (repealed Sept. 1, 1997, now codified at TEX. GOV'T CODE ANN. § 508.149(a)(8)). Because Petitioner was sentenced to sixty years of imprisonment, Texas law requires that he serve thirty years before he is eligible for parole.

Petitioner also raises claims concerning release to mandatory supervision. Mandatory supervision is the release of an eligible prisoner from the Institutional Division so that the prisoner may serve the remainder of his sentence under the supervision and control of the Pardons and Paroles Division, but not on parole. *Madison*, 104 F.3d at 768. Not every Texas prisoner is eligible for mandatory supervision, but prisoners who are eligible for release to mandatory supervision must be released when their time served plus their good conduct time credits equal the length of their sentence. *Id.* The mandatory supervision statute in effect at the time of Petitioner's offense barred the release to mandatory supervision of a prisoner who was convicted of aggravated sexual assault. TEX. CODE CRIM. PRO. ANN. art. 42.18 § (8)(c)(6) (repealed Sept. 1, 1997, now codified at TEX.

GOV'T CODE ANN. § 508.149(a)(8)).  Thus, Petitioner's claims concerning release to mandatory supervision also lack merit.

### Recommendation

This Petition for Writ of Habeas Corpus should be denied.

### Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3 d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 3rd day of October, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE